Brevard, J.
I am of opinion the judgment is legally correct, and ought not to be reversed. However I may regret that the law requires such a judgment, and however anxious I may bp that it should be altered, yet it is my duty, being only an expounder of the law, and not a law maker, to declare it as I find it, and shape my judicial opinion accordingly.
Prior to the American Revolution, the law, which prevailed on this point in England, was also the law of this country ; and as it has not been, since that time, abolished, or altered, it must he considered the settled law of this State.
It is unnecessary to state the doctrine, or quote.authorities. The authorities are almost innumerable, and the doctrine so well established, and so clear, that to attempt to explain the matter would be like holding a candle to the sun. I will only refer to some of the authorities. 5 Burr. 2614. 1 Saund. 290. Williams’ ed. Co. Lilt. 343, 283. Bac. Abr. tit. Obligation. 6 T. R. 327. 2 P. Wms. 313. 2 Atk. 510. Hr. 473, 503. 20 Vin. Abr. 149. Sid. 238. 3 P. Wms. 406. 2 Vern. 99. 2 Vin. Abr. 67. 3 Esp. Rep. 76. 1 Wils. 89. 4 East. 589. 1 Bos. and Pul. 49. 1 East. 634. Com. Dig. Fait. 1 Ventr. 136. Cro. Eliz. 355. 3 D. Ray, 1541. 2 Hr. 814. Bull. N. P. 158. 3 T. R. 784.
The matter was properly pleaded in abatement. The fact stated *261 in the plea is confessed by the demurrer; and the only question is, whether the personal representatives of a deceased joint obligor can be sued on the joint obligation, while the qther joint obligor is alive, and without joining him in the action.
Note. The words, “jointly and severally," were notinserted in the obligation.
It does not appear from the pleadings, that William Watson was outlawed, or attached by bis goods or lands, or that any process was ever issued against him, to make him a party to the suit, or to answer for the debt. It is, therefore, not necessary, in this case, to •consider what effect suing out any process against him would have ; and, particularly, whether the process of outlawry could be used, see 3 Bl. Com. 283. The English law is clear, that actions on joint obligations must be against all the obligors living; and that the ^representatives of any of the obligors, who are dead, cannot be sued while any other of the joint obligors are alive. The survivors alone are liable at law. See 1 Hen. d. Mun. 306. 1 do. 61.
Colcock and Bay, Js., concurred.